## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JILL ELIZABETH JANDEBEUR,

     Plaintiff,

-vs-                    Case No.

EQUIFAX INFORMATION
SERVICES LLC; TRANS UNION
LLC; and RESURGENT CAPITAL
SERVICES L.P. d/b/a LVNV
FUNDING LLC,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JILL ELIZABETH JANDEBEUR (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); TRANS UNION LLC (hereinafter "Trans Union"); and RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC (hereinafter "LVNV") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Shasta County in the State of California. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

14.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     LVNV is a corporation with its principal place of business in the State of South Carolina and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     LVNV is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     LVNV furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

19.    Plaintiff is a natural person who is alleged to owe a debt to LVNV, partial account number ending in x7988 (hereinafter "LVNV Account"). Plaintiff does not have an account with LVNV and never applied or gave permission to anyone to apply using her information for the LVNV Account.

20.    Upon information and belief, Plaintiff is a victim of identity theft.

21.    In or about 2023, Plaintiff's bank account was compromised.

22.    Shortly thereafter, Plaintiff reviewed her credit reports and observed personal identifying information and accounts which did not belong to her.

23.    On or about March 7, 2024, Plaintiff obtained a copy of her Equifax credit report. Plaintiff attempted to obtain a copy of her Trans Union credit report, but she received an error message that stated her credit report was unavailable. Upon review, Plaintiff observed four (4) accounts which did not belong to her:

    i.    Midland Credit Management, partial account number ending in x1193, with a status of collection and a balance of $583;

    ii.    Midland Credit Management, partial account number ending in x3867, with a status of collection and a balance of $1,250;

    iii.    Midland Credit Management, partial account number ending in x0230, with a status of collection and a balance of $1,074; and

    iv.    LVNV Account with a status of collection and a balance of $706.

24.     On or about March 20, 2024, Plaintiff submitted a dispute online to Equifax stating that the LVNV Account did not belong to her.

25.     Further, in response to the inaccurate reporting, on or about April 1, 2024, Plaintiff submitted online a detailed dispute letter to Equifax. In the dispute letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised that she believed she was a victim of identity theft due to the aforementioned erroneous Midland Credit Management accounts and LVNV Account appearing on her credit report. To confirm her identity, a copy of her driver's license was included in the letter. Further, Plaintiff included images of the erroneous credit reporting and images of her filed Federal Trade Commission ("FTC") Identity Theft Report, number 170329331.

26.     On or about April 22, 2024, Plaintiff received dispute results from Equifax which stated the three (3) Midland Credit Management accounts were deleted. Plaintiff did not receive dispute results as to the LVNV Account. However, upon review of her updated credit report, Plaintiff observed that the LVNV Account continued to be reported with a comment which stated, "04/2024 Consumer disputes this account information".

27.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

28.    Equifax never attempted to contact Plaintiff during the alleged investigation.

29.    Upon information and belief, Equifax notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

30.    On or about April 25, 2024, Plaintiff mailed a detailed dispute letter to Trans Union regarding the inaccurate reporting. In the dispute letter, Plaintiff requested a copy of her credit report. Further, Plaintiff advised that she believed she was a victim of identity theft due to the aforementioned erroneous Midland Credit Management accounts and LVNV Account appearing on her credit report. To confirm her identity, a copy of her driver's license was included in the letter. Further, Plaintiff included images of the erroneous credit reporting and images of her filed Federal Trade Commission ("FTC") Identity Theft Report, number 170329331.

31.    Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9407 1112 0621 0142 9730 26.

32.    On or about May 4, 2024, Plaintiff received a response from Tran Union which stated, "We are unable to identify the specific action you are requesting us to take on your behalf.".

33.     Additionally, on or about May 4, 2024, Plaintiff received a copy of her updated credit report from Trans Union. Upon review, Plaintiff observed the three (3) Midland Credit Management accounts were not appearing in her credit report. However, the LVNV Account continued to be reported with a comment which stated, "account disputed by consumer".

34.     Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

35.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

36.     Upon information and belief, Trans Union notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

37.     On or about May 4, 2024, Plaintiff submitted online a dispute to Equifax regarding the continued inaccurate reporting of the LVNV Account which did not belong to her.

38.     Plaintiff did not receive dispute results from Equifax. However, upon review of her updated credit report, Plaintiff observed the LVNV Account continued to be reported with a comment which stated, "05/2024 Consumer disputes this account information".

39.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

40.    Equifax never attempted to contact Plaintiff during the alleged investigation.

41.    Upon information and belief, Equifax notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42.    Despite providing Equifax and Trans Union with all the relevant information needed to prove she was a victim of identity theft, Equifax and Trans Union continue to report the fraudulent and erroneous LVNV Account. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

43.    Equifax and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnishers.

44.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

45.    As a result of the inaccurate reporting, Plaintiff has suffered damages, including, but not limited to:

i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv. Loss of the ability to benefit from lower interest rates; and

v. Apprehensiveness to apply for new credit and housing due to the fear of rejection.

## **CAUSES OF ACTION**

### **COUNT I**
### **Violations of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Equifax Information Services LLC (Negligent)**

46. Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

47. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48.    Equifax allowed for Furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

49.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

50.    Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

51.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

52.    Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

53.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

55.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

56.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

57.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58.    Equifax allowed for Furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

59. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

60. Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

61. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

62. Equifax violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

63. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

64. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

65. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

66.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

67.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

68.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

69.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

70.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

73.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

74.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

75.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

76.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

77.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

78.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

79.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

80.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

81.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.     Trans Union allowed for Furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

83.     Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

84.     Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

85.     Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

86.     Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

87.     As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

88.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

89.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violations of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

90.     Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

91.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

92.   Trans Union allowed for Furnisher(s) to report inaccurate and erroneous accounts to Plaintiff's credit file.

93.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

94.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

95.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

96.   Trans Union violated its own policies and procedures by not deleting the erroneous accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

97.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

98.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

100.    Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

101.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

102.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

103.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

104.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

106.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)

107.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

108.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

109.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

110.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

111.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT IX
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Resurgent Capital Services L.P.
### d/b/a LVNV Funding LLC (Negligent)

114.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

115.   LVNV furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

116.   After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

117.   Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was fraudulent.

118.   LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

119.   LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

120.   As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and inaction of LVNV was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual damages against Defendant, RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT X**</u>
**Violation of 15 U.S.C. § 1681s-2(b) as to**
**Defendant, Resurgent Capital Services L.P.**
**d/b/a LVNV Funding LLC (Willful)**

123.   Plaintiff re-alleges and reincorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

124.   LVNV furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

125.   After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

126.   Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was fraudulent.

127.   LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

128.   LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

129.   As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

130.   The conduct, action, and inaction of LVNV was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

131.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JILL ELIZABETH JANDEBEUR, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; TRANS UNION LLC; and RESURGENT CAPITAL SERVICES L.P. d/b/a LVNV FUNDING LLC; jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 21st day of June 2024.

Respectfully Submitted,

**_/s/ Octavio Gomez, Esq._**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933

Tav@TheConsumerLawyers.com
*Attorney for Plaintiff*